[Crim. No. 22056. Second Dist., Div. Four. Aug. 22, 1973.]

THE PEOPLE, Plaintiff and Respondent, v.
EDDIE CASILLAS, Defendant and Appellant.

**COUNSEL**

Robert H. Perez and Robert Mann for Defendant and Appellant.

Evelle J. Younger, Attorney General, Edward A. Hinz, Jr., Chief Assistant Attorney General, William E. James, Assistant Attorney General, Howard J. Schwab and Donald J. Oeser, Deputy Attorneys General, for Plaintiff and Respondent.

**OPINION**

**JEFFERSON, Acting P. J.**—After a submission on the proceedings had at the preliminary hearing, defendant was found guilty of violating section 69 of the Penal Code, as charged in count IV of the amended information. The court granted defendant probation for a period of five years upon certain terms and conditions. Defendant filed a timely notice of appeal.

On September 16, 1971, Arthur T. Morales was a deputy sheriff assigned to a patrol division. He was on duty as a driver for Inspector Freeman, who was in charge of a parade being held on that date. Morales was in uniform and driving a marked sheriff's vehicle. At approximately 6 p.m. the officer observed defendant on Brooklyn Avenue in front of a group of about 20 persons. Defendant was raising his arms over his head and shouting "Chicano power" and other slogans.

Defendant moved with the group towards Vancouver and Brooklyn Avenue and the crowd increased in size to 150 to 200 persons. Defendant was addressing the crowd and directing their attention to Officer Morales and the other officers present. Defendant was yelling to the crowd to "Get their batons, get them, get their guns and kill them" and to get the "pigs." Many in the crowd, including defendant, yelled obscenities at the officers and

threw bottles at the two or three officers on Brooklyn Avenue. Rocks and sticks were also hurled at the officers, who were in uniform and performing traffic control functions. The officers were forced to leave the location.

During the bombardment, Inspector Freeman directed Officer Morales to give an informal dispersal order to the crowd which Morales gave in English and Spanish. The crowd then "bombarded" the officers with rocks, bottles and trash.

Defendant was leading the crowd and yelling to them to "throw rocks" and "kill the pigs, let's get them," and "beat the pigs."

The officers called for assistance. When other deputies arrived a riot was in progress. Rocks, bottles, stones, trash and various items were being thrown at the officers. The crowd was being directed westbound on Brooklyn Avenue by defendant and into the Maravilla project. Rocks, missiles and bottles were continually thrown at the officers and the size of the crowd had then grown to approximately 300 people.

Defendant in his brief raises many contentions and arguments for a reversal, but we need consider only one upon which we reverse the judgment (order granting probation).

Defendant contends that the court's refusal to transfer his trial to the Central District denied him a jury trial in the district where the crime was committed, and also denied him equal protection of the law. Defendant argues that the crime was committed in the Central District but he was tried in the Southeast District. He urges that the essence of his motion is that he is entitled to a jury chosen from the vicinage or closest vicinage.

We agree with defendant and base this agreement upon the very recent pronouncement of our Supreme Court, when the same issue was raised in *People* v. *Jones,* 9 Cal.3d 546 [108 Cal.Rptr. 345, 510 P.2d 705], in which our Supreme Court decided that the Sixth and Fourteenth Amendments guarantee all criminal defendants in a state trial the right to be tried by an impartial jury comprising a representative cross-section of, and selected from, residents of the judicial district in which the charged crime was committed, and more particularly stated at page 554: "In our view, the rule quite simply is that a criminal defendant is entitled to a jury drawn from a jury panel which includes jurors residing in the geographical area where the alleged crime occurred."

The Attorney General contends that the *Jones* case cited above should not apply in the case at bench. He reasons that, unlike the defendant in the *Jones* case, this defendant was tried by a court and *Jones* was tried by a jury.

We agree that he was tried by the court in the Southeast District, but only after the court denied his motion to be transferred to the Central District where the crime was committed. The defendant did not waive his right to a jury trial in the Central District and he should have been transferred to the Central District for a jury trial. What was done in the Southeast District amounted to no more than a refusal to submit to a trial before a jury without jurisdiction to try him; it was a nullity and could not affect defendant's fundamental rights.

Defendant raises other contentions seeking a reversal, but they need not be discussed since we must reverse.

The judgment (order granting probation) is reversed.

Kingsley, J., and Dunn, J., concurred.

A petition for a rehearing was denied September 11, 1973, and respondent's petition for a hearing by the Supreme Court was denied October 31, 1973.